**Evelyn R. SHAVERS et al., Plaintiffs,**

v.

**The YOUNGSTOWN METROPOLITAN HOUSING AUTHORITY and Chester A. Amedia, Director of Y. M. H. A., et al., Defendants.**

Civ. A. No. C 74–241 Y.

United States District Court,
N. D. Ohio, E. D.

Feb. 3, 1975.

Robert M. Clyde, Jr., Mahoning County Legal Asst. Assn., T. Patrick Lordeon, Youngstown, Ohio, for plaintiffs.

R. M. Hammond, Youngstown, Ohio, for defendants.

MEMORANDUM OPINION
AND ORDER

CONTIE, District Judge.

The above captioned cause of action came on for a hearing before this Court on November 21, 1974. By agreement

parties have submitted a stipulation which states:

"1. The Temporary Restraining Order heretofore granted plaintiffs on October 31, 1974 be and it is hereby continued as to the four named plaintiffs until further order of this court.

"2. The plaintiffs having voluntarily withdrawn their request for class treatment, the action insofar as it pertains to a class is dismissed.

"3. Plaintiffs' oral request for amendment of their complaint to include by interlineation a fourth named plaintiff is hereby granted, and it is therefore ordered that the Temporary Restraining Order apply to any proposed evictions sought against such fourth named plaintiff, namely Bertha Cole, 1575 Bettman Street, Youngstown, Ohio . . . ."

This stipulation was signed by Robert Clyde and T. Patrick Lordeon for the plaintiffs and R. M. Hammond for the defendants. Said stipulation was signed by the Judge of this Court.

Defendants at the hearing on November 21, 1974 orally moved for the consolidation of the preliminary and permanent injunction hearings pursuant to Rule 65(a)(2) of the Federal Rules of Civil Procedure. Plaintiffs at that time objected to said motion, and the Court held its determination of said motion in reserve. Thereafter, on December 3, 1974, the plaintiffs joined defendants' motion to consolidate pursuant to Rule 65(a)(2), thus changing their positions as stated at the hearing. Upon consideration, the joint motions of both the defendants and plaintiffs to consolidate the hearing with a trial on the merits pursuant to Rule 65(a)(2) of the Federal Rules of Civil Procedure is hereby granted. The following shall constitute this Court's findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

On November 15, 1974, defendants filed a motion to dismiss, seeking (1) to determine that the action cannot be brought as a class action; (2) to dismiss the action for failure to state a claim upon which relief could be granted; (3) to vacate the Temporary Restraining Order issued by this Court October 31, 1974; and (4) to consolidate any hearing on the Temporary Restraining Order with the trial of these issues on the merits.

The Court finds that grounds (1) and (4) are moot and shall determine grounds (2) and (3) in the within order.

The facts of the instant case are as follows:

On Monday, September 9, 1974, damage was discovered to the property of defendant Y.M.H.A. Said damage was attributed to vandalism. The damage was reported to the Youngstown Police Department, which turned the matter over to the Juvenile Division of the Courts. Y.M.H.A. was informed that Calvin Cole and Jeffrey Cole, the sons of plaintiff Bertha Cole; Todd White, the son of plaintiff Doris White; Tony Thomas, the son of Mary E. Thomas, plaintiff; and Richard and Anthony Shavers, the sons of plaintiff Evelyn R. Shavers, had allegedly caused the asserted damage. The amount of the damage was determined to be approximately $2,235.46. Thereafter, and on a date unknown, the Y.M.H.A. complaint against plaintiffs' children in the Juvenile Court of Mahoning County was dismissed as being without foundation.

Defendants, acting on the report and investigation of the Juvenile authorities of the City of Youngstown gave notice to plaintiffs to meet with the officials of Y.M.H.A. concerning their continued occupancy of Y.M.H.A. A meeting was held on September 26, 1974, wherein the plaintiffs herein were informed of the asserted damage allegedly caused by their minor children. At said meeting, the plaintiffs indicated they would not pay Y.M.H.A. for the damages caused. When plaintiffs indicated that they would not attempt to make any restitution to Y.M.H.A., they were told by officials of Y.M.H.A. that they

should find other housing or they would be evicted. Thereafter plaintiffs did receive a letter, dated October 1, 1974, attached to plaintiffs' complaint, marked as Exhibit C, which stated in part:

> "There was a full discussion [at the September 26, 1974 meeting] of all aspects of your occupancy on our premises, and at which meeting you presented your side of the story. It was agreed that you vacate the premises of Youngstown Metropolitan Housing Authority within a period of thirty (30) days."

Plaintiffs brought this action to enjoin the defendants from evicting them from their homes asserting their rights as secured by the Due Process clause of the Fourteenth Amendment had been abridged by the defendants' arbitrary and improper actions which failed to comply with the U. S. Department of Housing and Urban Development's circulars and regulations.

The relevant HUD circulars include HUD Circular 7465.1, which provides at No. 9, Terminations of Tenancy:

> "(a) It is believed essential that no Tenant be given notice to vacate without being told by a duly authorized representative of the Local Authority, at a private conference or other appropriate manner, the reasons for the eviction and given an opportunity to make such reply or explanations he may wish."

HUD Circular 7465.9, Appendix 1, at No. 8 provides:

> "Notice to Vacate Premises.
>
> "(a) At the time of the private conference required by low rent housing handbook, RHM–7465.1 the Tenant must be informed in writing of:
>
> "(1) the specific reasons for the proposed eviction; and
>
> "(2) his right to request a hearing upon the proposed eviction within five working days from the date of conference. . . .

> "(c) When such notice to vacate is given to the Tenant, he must be informed in writing that:
>
> "(1) If he fails to quit the premises within three days appropriate legal action (dependent on State law) will be brought against him;
>
> "(2) If suit is brought against him, he may be required to pay court costs and attorney fees incurred;
>
> "(3) If he chooses to contest the legal action, the L.H.A. or project management must prove that the reasons upon which it originally relied constituted good cause for eviction under the applicable law, rules and regulations."

Circular 7465.8 provides at No. 10:

> "Termination of the lease . . .
>
> "This lease may be terminated by management at any time by the giving of written notice as set forth in section 9, not less than thirty (30) days prior to termination. Such notice may only be given for good cause, such as non-payment of rent, serious or repeated interference with the rights of other tenants, serious or repeated damage to the premises, creation of physical hazards or over-income status. Notice by either party to this lease may be given on any day of the month. If Management should elect to terminate this lease, Tenant must be told in a private conference by a duly authorized representative of management the reason(s) for the eviction, and must be given an opportunity to make such reply or explanation as he may wish. At the time of the conference, Tenant must be informed of:
>
> "(a) the specific reasons for the proposed eviction and the alleged facts upon which it is based; and
>
> "(b) his right to request a hearing upon the proposed eviction in

the manner provided in section 11 of this lease."

■ It is the contention of the defendants that the latter stated circulars do not apply to the circumstances as raised by the facts in the instant case as said procedure should only be followed when a grievance has been transmitted or filed by a tenant. Plaintiffs assert that Circular .9 is in fact applicable.

It has been stipulated to between parties that the plaintiffs have not filed a written request to institute the grievance procedure. It has been further stipulated that at the informal hearing held between the defendants and the plaintiffs in regard to the destruction of the property of the defendants, defendants did not inform the plaintiffs in writing of the reasons for the proposed eviction or of their right to request a hearing upon the proposed eviction within five working days of the date of the conference.

Thus the basic issue before this Court is whether the above quoted circulars can be or should be applied to the facts raised by the plaintiffs' complaint. This Court is of the opinion that said circulars must be read in conjunction with one another in order to adequately provide for the constitutional rights of the plaintiffs.

Circular .8 provides that the tenant must be informed of the reasons for the eviction and that he has a right to a hearing upon the proposed eviction.

Circular .1 provides that no tenant can be given a notice to vacate without being told either in a private conference or other appropriate manner for the reasons of his eviction.

Circular .9 provides that at the time of the private conference required by Circular .1 the tenant must be informed in writing of the specific reasons for the proposed eviction and of his right to request a hearing. The facts of this case have been stipulated to and it is uncontroverted that no written notice was given to any of the plaintiffs as to the reasons for their proposed eviction, or as to their right to request a hearing.

This Court finds that the circulars of the Housing and Urban Development Administration are valid and enforceable and that said circulars mandate that the defendants and their agents follow the provisions provided therein. See *Jones v. Akron Metropolitan Housing Authority*, U.S.D.C., N.D.O., E.D., Case No. C 72–781 (Dec. 18, 1972). The facts of this case establish that said procedures were not, in fact, followed and that therefore the plaintiffs are entitled to relief pursuant to their complaint.

■ The Court therefore determines that defendants' motion to dismiss filed November 15, 1974, is not well taken, and the same is therefore denied.

The Court further orders that a permanent injunction be issued restraining the defendants from denying the named plaintiffs of their right to continue their occupancy in the public housing at which they are located until defendants first provide each plaintiff with a written statement of the reason for any proposed eviction. Defendants are permanently enjoined from evicting plaintiffs from their occupancy of the public housing without first providing for an impartial pre-termination administrative hearing which satisfies the due process clause of the Fourteenth Amendment. Defendants must comply with and adhere to the procedures outlined within their own circulars 7465.1, 7465.8 and 7465.9.

Costs of the within action are assessed against the defendants.

It is so ordered.